Ni v. Holder

BIA
A029 800 349

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of September, two thousand twelve.

PRESENT:
>        BARRINGTON D. PARKER,
>        RICHARD C. WESLEY,
>        DENNY CHIN,
>            *Circuit Judges.*

_____

JI WU NI,
>        *Petitioner,*

>        v.                                11-5050
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:         Fuhao Yang, Law Offices of Fuhao
                        Yang, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Daniel E. Goldman,
                        Senior Litigation Counsel; Lindsay
                        Corliss, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ji Wu Ni, a native and citizen of the People's Republic of China, seeks review of a November 8, 2011, decision of the BIA denying his motion to reopen his immigration proceedings. *In re Ji Wu Ni*, No. A029 800 349 (B.I.A. Nov. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "'disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). It is undisputed that Ni's August 2011 motion to reopen was untimely, because the BIA issued its final order of removal in November 2002, and number-barred, because it was his third motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations for filing a motion to reopen do not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to

which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Ni failed to demonstrate a change in conditions for Christians in his hometown of Tingjiang, Fujian province since his November 1999 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (holding that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). The 1998 U.S. State Department report on country conditions in China, submitted in support of Ni's asylum application, reflected that the persecution of Christians in China at that time varied widely by region, and that in Fujian province, police officers had raided services, destroyed altars, confiscated books, assaulted congregation members and detained worshipers. Although Ni describes isolated incidents of religious persecution and argues that his evidence demonstrates an increase in religious persecution, he points to nothing in the record reflecting any increase in persecution beyond that described in the 1998 report, or in his home province. Accordingly, the BIA

3

did not abuse its discretion in denying Ni's motion to reopen as untimely and number-barred.

Further, we lack jurisdiction to review the BIA's decision not to reopen Ni's proceedings *sua sponte* under 8 C.F.R. § 1003.2(a). *Ali*, 448 F.3d at 518. Finally, because Ni did not raise his claim for suspension of deportation before the BIA, we lack jurisdiction to consider his request for that relief. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4